FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW S.,

    Plaintiff,

    v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

No. 4:18-CV-05115-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his

---

[1]Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

applications for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C § 401-434, and for Supplemental Security Income under Title XVI of the Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.    Jurisdiction

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on July 16, 2014. AR 105-06. His alleged onset date of disability is April 1, 2014. AR 212. Plaintiff's applications were initially denied on October 13, 2014, AR 149-54, and on reconsideration on February 12, 2015, AR 157-61.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on April 13, 2017. AR 62-104. On May 26, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 19-35. The Appeals Council denied Plaintiff's request for review on May 14, 2018, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on July 10, 2018. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.971. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9ᵗʰ Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 30 years old at the alleged date of onset. AR 212. He completed the twelfth grade in 2003. AR 250. Plaintiff can communicate in English. AR 248. Plaintiff has past work as a laborer at an

employment placement agency, as a pizza deliverer, as a pizza cook, as a car washer, as a prep cook, stocking shelves, as a granite polisher, taking fees at a parking lot, and installing heaters and dehumidifiers. AR 250, 257-68.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from April 1, 2014, through the date of the ALJ's decision. AR 35.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2014 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 21.

**At step two**, the ALJ found Plaintiff had the following severe impairments: peripheral vascular disease; obesity; major depressive disorder; generalized anxiety disorder; personality disorder; post-traumatic stress disorder; and a history of heroin abuse/dependency in sustained remission (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 21.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 21.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform a range of light work with the following limitations:

He could frequently balance, stoop, kneel, crouch, and crawl; he could occasionally climb ramps or stairs but never ladders, ropes, or scaffolds; he should avoid concentrated exposure to extreme temperatures, wetness, humidity, and vibration; he could have no more than moderate exposure to hazards; he could understand, remember, and carry out simple, routine, and repetitive tasks or instructions; he could maintain attention and concentration at a productive pace for two-hour intervals between regularly scheduled breaks; he could tolerate only simple changes in routine and only simple judgment or decision-making; he could not work at a fast-paced production rate (i.e., assembly line-type work); he should have no interaction with the public and only superficial interaction with co-workers (i.e., non-collaborative/no tandem tasks/no teamwork); and he should deal with things rather than people.

AR 26.

The ALJ identified Plaintiff's past relevant work as car wash attendant, prep cook, fast food worker, food deliverer, parking lot attendant, and laborer, and found that he was unable to perform his past relevant work. AR 33.

**At step five**, the ALJ found, in light of his age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 34. These included a small parts assembler and an office cleaner. AR 35.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; (2) failing to properly consider Plaintiff's mental impairments; (3) failing to properly consider

Plaintiff's symptom statements; and (4) failing to make a proper step five determination.

## VII.   Discussion

**A.    The ALJ properly weighed the medical opinion evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of John Hornell, M.D., Tae-Im Moon, Ph.D., N.K. Marks, Ph.D., and Thomas Genthe, Ph.D. ECF No. 11 at 14-18.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers (those who actually treat the claimant); (2) examining providers (those who examine but do not treat the claimant); and (3) non-examining providers (those who neither treat nor examine the claimant). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 1. John Hornell, M.D.

Dr. Hornell completed three separate opinions regarding Plaintiff's functional abilities. The first is in a December 1, 2014 letter:

> It is my medical opinion that [Plaintiff] [c]ontinues to be unable to work. [H]e continues to have issues with chronic pain in his leg which prevent him from standing for any prolonged period. He also suffers from chronic anxiety and currently appears to be unable to work until conditions improve.

AR 408. The ALJ gave the portion of the opinion addressing Plaintiff's inability to work due to chronic leg pain "little weight" because (1) the opinion offered an analysis on an issue reserved to the Commissioner, (2) it made a conclusion that required vocational expertise, (3) Dr. Hornell only visited with Plaintiff twice at the time of the opinion, and (4) Dr. Hornell's records did not reflect any objective evidence to support his conclusion. AR 29. The ALJ gave the portion of the opinion addressing Plaintiff's chronic anxiety "little weight" because (1) it

addressed an issue reserved to the Commissioner, (2) Dr. Hornell did not provide specific reasoning for his opinion, and (3) he offered the opinion after only seeing Plaintiff once. AR 31-32.

Dr. Hornell's second opinion is on a Physical Functional Evaluation form dated April 22, 2016. AR 946-48. He opined that Plaintiff was limited to sedentary work. AR 948. The ALJ assigned this opinion "little weight" because (1) it was inconsistent with his reported activities and (2) Dr. Hornell failed to provide objective support for his limitations. AR 30.

Dr. Hornell's third opinion is on a Physical Medical Source Statement form dated April 12, 2017. AR 1102-05. He limited Plaintiff to sitting for half an hour at a time for a total of four hours, standing for fifteen minutes at a time for a total of one hour, and walking for half an hour at a time for a total of one hour. AR 1002. He limited Plaintiff's lifting and carrying and provided additional postural and environmental limitations. AR 1102-04. He stated Plaintiff would need additional breaks, would likely miss work or leave early at least two to three days per month, and was precluded from production level sorting, assembly, or inspection. AR 1104. He stated that the objective medical findings that supported the opinion included recurrent deep vein thrombosis bilateral lower extremities, chronic venous insufficiency, complex regional pain syndrome, and a history of carpal tunnel syndrome. *Id*. The ALJ gave this opinion "little weight" because (1) it was

inconsistent with Plaintiff's reported activities and (2) Dr. Hornell did not provide objective support for the opinion. AR 30.

In challenging the ALJ's treatment of Dr. Hornell's opinions, Plaintiff only addressed the ALJ's determination that the opinions were not supported by objective evidence. ECF No. 11 at 15-16. In doing so, the ALJ failed to address all the reasons the ALJ provided for rejecting the opinion.

Plaintiff's failure to argue this with more specificity essentially results in a waiver of the issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific arguments:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2]

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

In his Reply, Plaintiff did address the ALJ's finding that the opinion was inconsistent with his reported activities. ECF No. 14 at 3-4. However, as the Court in *Greenwood* stated, the Court will not consider claims not actually argued in the opening brief.

### 2. Tae-Im Moon, Ph.D.

On May 13, 2013, Dr. Moon examined Plaintiff and provided an opinion that he had a moderate limitation in eleven basic functional abilities. AR 803. The ALJ gave this opinion "little weight" because Dr. Moon evaluated Plaintiff almost a year prior to the alleged onset date. AR 31.

"Medical opinions that predate the alleged onset of disability are of limited relevance." *See Carmickle*, 533 F.3d at 1165. Plaintiff alleged disability starting

---

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

April 1, 2014, AR 212, almost a year after Dr. Moon's opinion. Therefore, the Court will not disturb the ALJ's treatment of Dr. Moon's opinion.

### 3. N.K. Marks, Ph.D.

On May 2, 2014, Dr. Marks completed a Psychological/Psychiatric Evaluation opining that Plaintiff had a severe limitation in two basic functional abilities, a marked limitation in four basic functional abilities, and a moderate limitation in two functional abilities. AR 390-91. The ALJ gave this opinion "little weight" because Plaintiff demonstrated a capacity to participate in the types of activities Dr. Marks believed would be markedly or severely difficult for him. AR 31.

Plaintiff failed to address the ALJ's reason for rejecting Dr. Marks' opinion in his opening brief. ECF No. 11 at 16-19. Therefore, the Court will not consider this issue. *See Carmickle*, 533 F.3d at 1165.

### 4. Thomas Genthe, Ph.D.

Dr. Genthe completed a Psychological/Psychiatric Evaluation form opining that Plaintiff had severe limitations in two basic functional areas and marked limitations in eight basic functional areas. AR 949-53. The form is undated. AR 953. The ALJ gave the opinion "little weight" because it was based on Plaintiff's uncorroborated symptoms reports. AR 32.

Plaintiff failed to challenge this reason in his opening brief. ECF No. 11 at

1  16-18. Therefore, the Court declines to consider the issue. *See Carmickle*, 533 F.3d

2  at 1161 n.2.

3  **B.    The ALJ did not err in the treatment of Plaintiff's mental impairments.**

4         Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's mental

5  impairments and resulting functional limitations as required by 20 C.F.R. §§

6  404.1520a, 416.920a. ECF No. 11 at 8.

7         At steps two and three of the five-step sequential evaluation process, mental

8  impairments are evaluated using the special psychiatric review technique. 20

9  C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d). Functional limitations are determined

10  by assessing the functional areas of how one can: (1) understand, remember, or

11  apply information; (2) interact with others; (3) concentrate, persist, or maintain

12  pace; and (4) adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3),

13  416.920a(c)(3). After the functional limitations are determined, the ALJ

14  determines if the severity of the impairment meets or equals a listed impairment.

15  20 C.F.R. §§ 404.1520a(d), 416.920a(d). If the impairment does not meet or equal

16  a listing, the ALJ must then assess the claimant's mental residual functional

17  capacity. 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3).

18         Here, the ALJ found Plaintiff had a mild limitation in understanding,

19  remembering, or applying information, a moderate limitation in interacting with

20  others, a moderate limitation in concentrating, persisting, or maintain pace, and a

mild limitation in adapting or managing oneself. AR. 23-25. While Plaintiff

challenged the ALJ's determination, the challenge failed to specifically address

any of the evidence the ALJ relied upon in her decision. ECF No. 11 at 8.

Plaintiff's argument is only a few sentences generally addressing the issue:

> The [ALJ] has failed to properly evaluate the claimant's mental
> impairments. The ALJ erred in failing to evaluate the claimant's mental
> impairments and resulting functional limitations as required by 20
> C.F.R., Section 404.1520a. Instead the ALJ has made a concentrated
> effort to cite only the positive form the claimant's medical records,
> particularly with regards to mental conditions and mental impairments.

ECF No. 11 at 8. Additionally, Plaintiff stated that "[t]he ALJ has absolutely no

support in her conclusions that the mental status exams or repeat psychological

exams, failed to show the limitations described." ECF No. 11 at 8-9.

Plaintiff's failure to argue this with more specificity essentially results in a

waiver of the issue. *See Carmickle*, 533 F.3d at 1161 n.2. Because Plaintiff failed

to provide adequate briefing, the court declines to consider this issue.

**C.    The ALJ did not err in finding Plaintiff's subjective complaints not
        entirely credible.**

Plaintiff argues that the ALJ erred in evaluating his credibility. ECF No. 11

at 18.

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective symptoms is reliable. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16**

medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 27. Specifically, the ALJ provided three reasons for rejecting Plaintiff's

symptom statements: (1) "the objective medical evidence does not fully support the level of limitation claimed," AR 27; (2) the claimant's activities are inconsistent with his alleged symptoms and limitations, AR 29, 32, 33; and (3) "The claimant's pattern of non- or limited compliance detracts from his allegations of ongoing pain and limitation," AR 29.

### 1. Objective Medical Evidence

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were not supported by the objective medical evidence, is not specific, clear and convincing.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). While it is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," it cannot serve as the sole reason for rejecting a claimant's symptom statements. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); s*ee also Lester*, 81 F.3d at 834 (an ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence).

The ALJ summarized Plaintiff's alleged symptoms, stated that "in terms of the claimant's alleged physical impairments and their corresponding symptoms, the objective medical evidence does not fully support the level of limitation

claimed," went through a detailed review of the medical records including provider opinions, and then stated "[t]he medical records reflect improvement in the claimant's symptoms, increased activity, and a capacity that contradicts his allegations of disability." AR 27-33. In doing so, the ALJ failed to specifically identify which of Plaintiff's symptom statements were undermined by specific medical evidence in the record. The Ninth Circuit has held that "general findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Therefore, this reason fails to rise to the specific, clear and convincing standard.

## 2. Reported Activities

The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were not supported by Plaintiff's reported activities, is specific, clear and convincing. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ found that Plaintiff's reported activities contradicted his allegations. First, the ALJ found that Plaintiff's reported walking, going camping, and repairing a duplex was inconsistent with his alleged inability to stand or walk for five to ten minutes. AR 29. At the hearing, Plaintiff reported that he could stand or walk for five or ten minutes before needing to get down and elevate the leg or knee. AR 88. The ALJ found this inconsistent with a June 8, 2015 treatment record in which Plaintiff appeared 30 minutes late, reporting that his friend ran out of gas and he had to walk as fast as he could to the appointment. AR 29 (*citing* AR 754). The ALJ also cited to Plaintiff's reports that in May of 2015 he was working with his cousin at a duplex doing repairs and that he had gone camping in June 2015. AR 29 (*citing* AR 752, 760). Here, the ALJ's reason is supported by substantial evidence and meets the specific, clear and convincing standard.

Second, the ALJ found that Plaintiff's reports that he could not leave his house in 2015 were inconsistent with his abilities to go camping, go fishing, look for jobs and volunteer opportunities, and apply to college. AR 32. Plaintiff had his medications increased in June and August of 2015. AR 760, 769. By September 2, 2015, Plaintiff reported that he was avoiding leaving his place due to anxiety. AR 771. However, Plaintiff reported going camping in June 2015 and in October 2015, he reported that going fishing helped him cope with his anxiety. AR 760, 780. He also reported that he was going to look for jobs or volunteer opportunities that

involved fishing. AR 780. By April 2016 he reported he was applying to college for computer programming. AR 976. Here, the inconsistencies are supported by substantial evidence and meets the specific, clear and convincing standard.

Third, the ALJ found that the "records reflect improvement in the claimant's symptoms, increased activity, and a capacity that contradicts his allegations of disability." AR 33. To support her finding, the ALJ pointed to Plaintiff's involvement in a fishing club, walking to lose weight, living with his girlfriend, and working to broaden his horizons. *Id*. In doing so, the ALJ failed to state how these activities contradicted Plaintiff's symptom statements. The Ninth Circuit has held that "general findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722. By failing to specifically identify the statements undermined by Plaintiff's activities, the ALJ failed to meet the specific, clear and convincing standard. However, the other two examples provided by the ALJ are sufficient to uphold her determination.

### 3.   Lack of Treatment

The ALJ's third reason for rejecting Plaintiff's symptom statements, that his lack of treatment detracts from his alleged pain and limitations, is specific, clear and convincing.

Noncompliance with medical care or unexplained or inadequately explained

reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 416.930; *Fair*, 885 F.2d at 603; *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication).

Plaintiff failed to address this reason in his briefing. ECF No. 11. Therefore, the court declines to consider this issue in detail and will not disturb the ALJ's decision. *See Carmickle*, 533 F.3d at 1161 n.2.

### 4. Malingering

Defendant argues that the ALJ found Plaintiff to be malingering; therefore, Defendant argues, the ALJ was not required to meet the specific, clear and convincing standard. ECF No. 14 at 2-3. Absent affirmative evidence of malingering, the ALJ is required to provide specific, clear and convincing reasons to reject Plaintiff's symptom statements. *Tommasettie,* 533 F.3d at 1039.

Defendant cites to an October 2013 hospital admission in which Dr. Fontanilla characterized Plaintiff's suicidal statements as "more of an attempt to manipulate either us or the providers at the chemical dependency unit into providing him with benzodiazepines." ECF No. 14 at 3 (*citing* AR 334). However, the ALJ did not find affirmative evidence of malingering or identify this encounter with hospital staff as evidence of malingering. Therefore, this amounts to a post

hoc rationalization which the Court will not consider. *See Orn*, 495 F.3d at 630

(the court will "review only the reasons provided by the ALJ in the disability

determination and may not affirm the ALJ on a ground upon which he [or she] did

not rely.").

In conclusion, the ALJ provided specific, clear and convincing reasons to

support her determination that Plaintiff's symptom statements were unreliable. *See*

*Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the

ALJ provided four reasons to discredit the claimant, two of which were invalid);

*Batson v. Comm'r, Soc. Sec. Admin*., 359 F.3d 1190, 1197 (9th Cir. 2004)

(affirming a credibility finding where one of several reasons was unsupported by

the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear

from the record that the . . . error was inconsequential to the ultimate nondisability

determination").

**D.     The ALJ did not err at step five.**

Plaintiff challenged the ALJ's step five determination by asserting that the

hypothetical presented to the vocational expert was incomplete because it did not

account for the limitations opined by Dr. Hornell, Dr. Moon, Dr. Marks, and Dr.

Genthe. ECF No. 11 at 21-23. As addressed above, the ALJ provided legally

sufficient reasons for rejecting these opinions. Therefore, the ALJ did not err in her

step five determination.

Plaintiff's heading to this argument asserts that the evidence submitted to the Appeals Council shows that the ALJ failed to meet her burden at step five. ECF No. 11 at 21. However, nothing in the body of the argument discusses evidence submitted to the Appeals Council that was not already before the ALJ. *Id.* at 21-23. Therefore, this Court will not consider the issue. *See Carmickle*, 533 F.3d at 1165.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 25th day of September, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge